IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
SUMMIT COUNTY, OHIO

| | | |
|---|---|---|
| **JANE DOE** | ) | CASE NO. |
| **ADRESS WITHHELD** | ) | |
| | ) | |
| **PLAINTIFF** | ) | |
| | ) | |
| | ) | JUDGE: _____ |
| v. | ) | |
| | ) | |
| **DAVID ALLEN FOSTER** | ) | |
| **4115 HELMICK AVENUE** | ) | |
| **NORTON, OHIO 44203** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **CITY OF NORTON** | ) | **MAGISTRATE:** |
| **C/O MAYOR MICHAEL ZITA** | ) | |
| **4060 COLUMBIA WOODS DR.** | ) | |
| **NORTON, OH 44203** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | **COMPLAINT** |
| **CITY OF NORTON POLICE** | ) | |
| **DEPARTMENT** | ) | |
| **4060 COLUMBIA WOODS DR.** | ) | |
| **NORTON, OH 44203** | ) | **PUNITIVE DAMAGE DEMAND** |
| | ) | |
| **AND** | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| **JOHN DALESSANDRO** | ) | |
| **CHIEF OF POLICE** | ) | |
| **[In individual and Official capacities]** | ) | |
| **C/O NORTON POLICE DEPARTMENT** | ) | |
| **4060 COLUMBIA WOODS DR.** | ) | |
| **NORTON, OH 44203** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |
| **OFFICER RYAN SEEKER** | ) | |
| **[In individual and Official capacities]** | ) | |
| **C/O NORTON POLICE DEPARTMENT** | ) | |
| **4060 COLUMBIA WOODS DR.** | ) | |
| **NORTON, OH 44203** | ) | |
| | ) | |
| **AND** | ) | |
| | ) | |

1

| | |
|---|---|
| **OFFICER JON KARNUTH** | ) |
| [In individual and Official capacities] | ) |
| C/O NORTON POLICE DEPARTMENT | ) |
| 4060 COLUMBIA WOODS DR. | ) |
| NORTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| **OFFICER BRETT MCSHANE** | ) |
| [In individual and Official capacities] | ) |
| C/O NORTON POLICE DEPARTMENT | ) |
| 4060 COLUMBIA WOODS DR. | ) |
| NORTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| **OFFICER CHRISTOPHER BESSE** | ) |
| [In individual and Official capacities] | ) |
| C/O NORTON POLICE DEPARTMENT | ) |
| 4060 COLUMBIA WOODS DR. | ) |
| NORTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| **OFFICER JOHN POND** | ) |
| [In individual and Official capacities] | ) |
| C/O NORTON POLICE DEPARTMENT | ) |
| 4060 COLUMBIA WOODS DR. | ) |
| NORTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| **JOHN/JANE DOE CITY OF** | ) |
| **NORTON POLICE DEPARTMENT** | ) |
| **POLICE OFFICERS AND/OR** | ) |
| **PERSONNEL** | ) |
| [In their individual and Official capacities] | ) |
| C/O NORTON POLICE DEPARTMENT | ) |
| 4060 COLUMBIA WOODS DR. | ) |
| NORTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| **JUSTIN MARKEY   0081053** | ) |
| **SOLICITOR CITY OF NORTON** | ) |
| [In individual and Official capacities] | ) |
| C/O CITY OF NORTON | ) |

2

| | |
|---|---|
| 4060 COLUMBIA WOODS DR. | ) |
| NORTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| EMPLOYER OF JUSTIN MARKEY | ) |
| TO BE DETERMINED | ) |
| NAME UNKNOWN | ) |
| ADDRESS UNKNOWN | ) |
| | ) |
| AND | ) |
| | ) |
| CITY OF BARBERTON OHO | ) |
| C/O MAYOR WILLIAM B. JUDGE | ) |
| 576 W PARK AVENUE | ) |
| BARBERTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| CITY OF BARBERTON LAW | ) |
| DEPARTMENT | ) |
| C/O MAYOR WILLIAM B. JUDGE | ) |
| 576 W PARK AVENUE | ) |
| BARBERTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| LISA O. MILLER, LAW DIRECTOR | ) |
| CITY OF BARBERTON     0055910 | ) |
| [In individual and Official capacities] | ) |
| 576 W PARK AVENUE | ) |
| BARBERTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| MICHELLE L. BANBURY  0069027 | ) |
| ASSISTANT PROSECUTOR | ) |
| [In individual and Official capacities] | ) |
| 576 W PARK AVENUE | ) |
| BARBERTON, OH 44203 | ) |
| | ) |
| AND | ) |
| | ) |
| JENNIFER A. ROBERTS 0081122 | ) |
| ASSISTANT PROSECUTOR | ) |
| [In individual and Official capacities] | ) |
| 576 W PARK AVENUE | ) |
| BARBERTON, OH 44203 | ) |

3

```
                                              )
      AND                                     )
                                              )


      DIANA STEVENSON         0059132         )
      CLERK OF COURTS                         )
      [In individual and Official capacities] )
      576 W PARK AVENUE                       )
      BARBERTON, OH 44203                     )

             DEFENDANTS
```

## INTRODUCTION

  To Jane Doe it would be another relaxing sunny summer Sunday evening on August 6, 2017 working on her Crafts. She would sit at the dining room table crafting gifts for others. She would try to keep her mind off of her marital problems with her alcohol abusing husband David Foster. It was a respite before the storm of hatred, expletives, and violence would be hurled her at her mind and body by her husband. It was only a few minutes before David Allen Foster would burn her three times with a lit cigarette. Minutes that would seem like an eternity as she sat in shock whilst her maniacal husband stood over her and methodically burnt her chest and left arms three time. Burns that the police knew existed but would attempt to cover up.

  Time almost stood still as Jane Doe waited, unknowingly, for the commencement of a botched police investigation that would lead to her false arrest, false imprisonment, being wrongfully removed from her home, psychological trauma. The future promised the additional pain of suffering the loss of her new job, and further victimization by a cover-up orchestrated by the Norton Police Department, as well its officers and Chief along with the Norton Law Department, the Barberton Law Department, and the Barberton Clerk of Courts. This to deny Jane her due process of law as they all took part in hiding evidence. Actions in concert that vitiated, if not destroyed Jane's ability to prove her innocence. Their goal was simple: decimate

4

Jane, hide her horrific injuries, and cover their mistakes irrespective of the destructive effect on Jane's life.

Fortunately, time waits for no one. This complaint is designed to give notice of Jane's personal injuries proximately caused by the intentional, reckless, or negligent actions of the above named Defendants. For once, it will be Jane's time again, and life will begin to move forward for her with the commencement of this lawsuit.

## THE PARTIES

Jane Doe, hereinafter Doe, is a United States Citizen by birth and is entitled to enjoy all fundamental rights, as well as privileges and immunities of all Citizens.

Defendant David Allen Foster is a citizen of the City of Norton, County of Summit, and State of Ohio. The City of Norton is a municipality located at 4060 Columbia Woods Drive, Norton, OH 44203. Defendant City of Norton Police Department is required to serve and protect all citizens in the city of Norton by patrolling the city, responding to calls for service, investigating crimes, apprehending offenders, processing crime scenes and enforcing traffic laws and regulations. It must do these things whilst, itself, following the laws and Constitution of Ohio and the United States.

The City of Norton is vicariously liable for the acts of its agents, including, but not limited to Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson. At all times each police officer, including the Chief of Police, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson are sued in their individual and official capacities. At all relevant times, each and every individual was acting under color of state law.

5

The City of Barberton is vicariously liable for the acts of its agents, including, but not limited to Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson. Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson are sued in their individual and official capacities. At all relevant times, each and every individual was acting under color of state law.

Defendant Mr. Markey was appointed as Solicitor for the City of Norton on November 25, 2013, and is also a partner at a prestigious national law firm. It is unclear what entity employed Defendant Markey at the time of his personal transgressions hence a name-holder. The Solicitor is the legal advisor and attorney for the City and all elected City officials and also represents the City of Norton in matters of civil litigation or suits involving the City of Norton. The Solicitor is the chief legal advisor and attorney for the City and for all elected City officials.

At all times Defendant Mr. Markey was employed by the City of Norton Law Department and/or the Barberton Law Department, or on loan from an entity, or in conjunction with any/all of the aforementioned entities, was acting in his respective capacity as an officer of the Court, and as legal advisor, to the City of Norton and also worked in conjunction with the Barberton Law Department, all under color of state law. individual and official capacities. At all relevant times, he was acting under color of state law.

6

Management of the City of Barberton Law Department is the responsibility of Lisa O. Miller, Law Director for the City of Barberton. According to City Charter, the Law Department is responsible for representing the City in all legal proceedings and serves as the prosecuting attorney of the Municipal Court. Additionally, the Law Department functions as the chief legal advisor of all offices, departments, commissions, boards, agencies, officers and employees of the City in matters relating to their official powers and duties, as well in conjunction with the City Solicitor for the City of Norton. It should be noted the Barberton Law Department website says The City Law Department also has custody of the records of Law Department, located at 576 W Park Avenue, Barberton, Ohio 44203. The Law Department handles all prosecutions on behalf of the City of Norton and is located at 576 West Park Avenue, Suite #301, Barberton, Ohio.

Assistant Prosecutors Michelle Banbury and Jennifer Roberts, and Law Director Lisa Miller, individually and in their respective capacities were employed simultaneously and/or seriatim, by the City of Barberton's Law Department and/or The City of Norton Law Department. Moreover, Assistant Prosecutors Michelle Banbury and Jennifer Roberts, and Law Director Lisa Miller, each were acting in their respective capacity as an officer of the Court, and as legal advisors, to the City of Norton and the Barberton Law Departments, simultaneously and/or seriatim, all under color of state law. Furthermore, Assistant Prosecutors Michelle Banbury and Jennifer Roberts, and Law Director Lisa Miller routinely assist the Division of Police with investigatory functions at a service level above and beyond the prosecution of a criminal case.

The Cities of Barberton and Norton are vicariously liable for the acts of its agents, including, but not limited to Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson. At all relevant times, each and every individual was acting under color of state law.

7

## VENUE AND JURISDICTION

This action is properly before this Court, on the basis of subject matter jurisdiction insofar as the facts and circumstances herein give rise to causes of action sounding in:

1.) 42 U.S.C. § 1983; and
2.) Intentional Torts including interference with business relationships;
3.) Negligence, Wilful, Wanton, and Reckless Conduct;
4.) Fourth and Fourteenth Amendments to the Constitution of the United States and pendent claims arising under the laws of the State of Ohio and the Ohio Constitution
5.) Slander
6.) Defamation of Character
7.) Intentional Infliction of Emotional Distress
8.) Malicious Prosecution
10,)With a demand for Punitive Damages

This Court also has in personam jurisdiction over the parties hereto insofar as the Plaintiff is a resident of a City located in Summit County, State of Ohio. Moreover, Defendants are individuals and Governmental entities located in Norton, Barberton, Akron, and other localities within the County of Summit and State of Ohio and/or regularly conduct business in Norton, Barberton, Akron, and other localities within the County of Summit and State of Ohio, and have on repeated occasions voluntarily submitted themselves to the jurisdiction of the Summit County Court of Common Pleas without objection.

Venue is proper herein, per Civ. R. 3 (B) as the facts that gave rise to these causes of action occurred in the Cities of Norton Ohio, Barberton, Ohio and other local jurisdictions, all within Summit County, and the State of Ohio.

Finally, all of the aforementioned statutes empower and enable the Plaintiff to bring the instant cause of action.

## FACTUAL RECITAL

1. On or about August 6, 2017 Jane Doe was at home working on her Crafts. at the family dining room table. She would try to keep her mind off of her marital problems with her alcohol

8

abusing husband David Allen Foster. It was a brief respite before the storm of hatred, expletives, and violence would be hurled her at her mind and body by her husband. It was only a few minutes before David Allen Foster would burn her three times with a lit cigarette. Minutes that would seem like an eternity as she sat in shock whilst her maniacal husband stood over her and methodically burnt her chest and left arms three time. Burns that the police knew existed but would attempt to cover up.

    2. At approximately 6:30 PM Defendant David Allen Foster returned home and attempted to annoy his wife by turning on the TV with loud volume. Since Jane didn't react to his behavior, Dave Allen Foster walked towards the front door of the marital home and yelled at Jane saying," I don't care how you do it but pack your shit and get the fuck out." David Allen Foster went outside briefly to light a cigarette only to immediately return inside and approached his wife. Jane was still sitting at the dining room table. David Allen Foster walked directly up to Jane and towered over her. Unable to move or talk due to shock, as later confirmed by Officer Ryan Seeker, Jane froze and went numb. Since he didn't get the desired reaction of fear or flight, David Allen Foster next took his lit cigarette and burned his wife three times-once on the chest and twice on her left arm. Jane remained seated at the table and still didn't move even though she now had three second degree burns, all of which were already blistering over before the police arrived.

    3. David Allen Foster immediately next went to the area of the bathroom next to the kitchen out of Jane's eyesight. After a few moments he came back into the kitchen area and called 911 telling the operator that he had been burnt by his wife with a cigarette to the right side of his face. Dave then went outside leaving Jane at the table and crying, still in shock.

    4. Norton Police Officers Ryan Seeker and Jon Karnuth responded to 4115 Helmick Avenue in response to David Allen Foster's false police report. The two purported to conduct an

9

investigation. Fortunately, the police body cam reveals these two conspiring to fill out a false police report, ignoring Jane's injuries that were by now, plainly visible, and falsely arresting Jane for domestic violence. It would not be until months later that Officer Ryan Seeker admitted under oath, in a separate judicial proceeding, the August 6, 2017 police report was false, that he removed pictures of Jane's burn injuries from the official police report file, Jane was in shock when the police arrived on scene, Jane's injuries were plainly visible to the naked eye, and the Officers failed to protect Jane during the initial investigatory phase of this case.

    5. The revelations of Officer Seeker exposed Assistant Prosecutors Michelle Banbury and Jennifer Roberts actions wherein they both knew, or should have known Officer Seeker and Karnuth's August 6, 2017 police report was false, that Officer Seeker removed pictures of Jane's burn injuries from the official police report file, Jane was in shock when the police officers arrived on scene, Jane's injuries were plainly visible to the naked eye, the Officers ignored Jane's injuries, and the Officers failed to protect Jane at any time during, or after, the criminal case was temporarily concluded. All of these items were not revealed to Jane in response to her discovery request filed by her through her attorney.

    6. Instead of doing the correct thing, Officer's Seeker and Karnuth falsely arrested Jane for Domestic violence, restrained her of her liberty by physically searching her person, handcuffing her and arresting her on false charges. wrongfully removed her from her home, caused her to be falsely imprisoned, subjected her to false charges and false legal process, a false TPO, and all other foreseeable actions including the failure to disclose their wrongdoing until months later.

    7. In addition, David Allen Foster not only failed to disclose his criminal conduct on August 6, 2017 that led to the above actions, by prosecuting a false case against Jane, but he also additionally abused legal process by obtaining a false TPO and a false CPO against Jane. All this

10

whilst Jane was rendered homeless, destitute, severely injured physically and mentally, and deprived of necessities of life.

8. After Jane was arrested, Defendant David Allen Foster called her new place of employment and left two voice mails informing her employer that Jane had been arrested for domestic violence and would not be into work the following Monday as she was in jail.

9. Subsequent to her arrest, Jane was subjected to illegal deprivations, continued harassment by members of the Norton Police Department including, but not limited to failing and/or refusing to correct their transgressions, provide Jane her due process of law, conduct an investigation on Jane's behalf, threatened her with additional false arrest, subjecting her to repeated roadside investigations, all this whilst demeaning her, taunting her, and insulting her.

10. Subsequent to her arrest, Jane was subjected to illegal deprivations, continued harassment by members of the Norton and Barberton Legal Departments, denied due process of law, and other acts including, but not limited to failing and/or refusing to correct their transgressions, provide Jane her due process of law, conduct an investigation on Jane's behalf, and refrain from illegal conduct by disclosing items the Norton and Barberton Legal Departments were both statutorily and contractually prohibited from disclosing. This as an attempt to further injure Jane and hide the truth.

11. Subsequent to her arrest, Jane was subjected to illegal deprivations, continued harassment by Solicitor Justin Markey by continued denial of due process of law, and other acts including, but not limited to failing and/or refusing to correct his transgressions, provide Jane her due process of law, conduct an investigation on Jane's behalf, and refrain from wrongful conduct by interfering in Jane's access to due process of law.

12. Subsequent to her arrest, Jane was subjected to illegal deprivations, continued harassment by Clerk of Courts Diana Stevenson for deprivation of due process of law, and other

11

acts including, but not limited to failing and/or refusing to correct her transgressions, provide Jane her due process of law, correct the docket on Jane's behalf, and refrain from wrongful conduct by interfering in Jane's access to due process of law.

13. Plaintiff was compelled to hire legal counsel, incur unneeded expense, and defend against these false charges while still suffering from the physical and mental challenges proximately caused y the intentional, malicious, reckless, negligent actions of all Defendants.

14. On January 2, 2018 the Plaintiff was forced to accept a plea agreement insofar as she was physically and mentally unable to endure a jury trial. Moreover, the Defendants continued to withhold the exculpatory evidence in their possession even though a demand for discovery and a motion to compel discovery had been filed in the case.

15. Plaintiff pled No Contest to Disorderly Conduct and was given a fine of Ten Dollars [$10.00] and Court costs. The TPO was terminated.

16. It would not be until March 25, 2018 that Officer Seeker would make public the Defendants failure to disclose the several violations that occurred supra.

17. As a result of Defendants above behavior Plaintiff suffered, and continues to suffer extreme pain, severe emotional distress, fear, anxiety, reputational damage, and has incurred legal and medical bills. Her injuries are continuing and permanent.

18. Defendants acted with malice.

## FIRST CLAIM FOR RELIEF 42 U.S.C. § 1983

## FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

19. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein

20. Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Assistant Prosecutors Michelle Banbury and Jennifer Roberts, and Law Director Lisa Miller, all

12

acted under color of state law at all relevant times and deprived Jane of her constitutional rights in violation of Title 42 U.S.C. § 1983.

21. Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Assistant Prosecutors Michelle Banbury and Jennifer Roberts and Law Director Lisa Miller by seizing Jane's person, searching and arresting her without lawful privilege, against her consent, and without probable cause, and subjecting her to the unjustified use of excessive force, subjecting her to physical harm without access to medical treatment, subjecting her to false imprisonment, taking of her property without due process of law, denying her due process of law, and falsifying, or ratifying the falsification of police reports, all deprived Jane of her fundamental rights as guaranteed by the Fourth and Fourteenth amendments of the United States Constitution.

22. As a direct and proximate cause of Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts and David Allen Foster's misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint, in an amount in excess of $25,000.00

**SECOND CLAIM FOR RELIEF 42 U.S.C. § 1983**

**MALICIOUS PROSECUTION/ DUE PROCESS DEPRIVATION**

23. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein

24. In the manner described more fully above, Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, David Allen Foster, and Diana Stevenson instigated, influenced or participated in the actions and decision to prosecute Plaintiff, knowing there was no probable cause for the criminal prosecution.

25 On September 5, 2018 the charges against Jane should be terminated in her

13

favor.

26   Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and David Allen Foster, accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and David Allen Foster made statements to the Court system with the intent of exerting influence to institute and continue the judicial proceedings.

27   Furthermore, in the manner described more fully above Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and David Allen Foster deliberately engaged in arbitrary and conscience-shocking conduct that contravened fundamental canons of decency and fairness and violated Plaintiff's substantive due process rights under the Fourteenth Amendment as well as the Fourth Amendment to the United States Constitution.

28   Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, and Jennifer Roberts were acting under color of law and within the scope of their his employment when each took these actions.

29   As a direct and proximate cause of Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts and David Allen Foster's misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint, in an amount in excess of $25,000.00.

14

## THIRD CLAIM FOR RELIEF

## STATE CLAIM FOR MALICIOUS PROSECUTION

30. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein

31. In the manner described more fully above, Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, David Allen Foster, and Diana Stevenson instigated, influenced or participated in the actions and decision to prosecute Plaintiff, knowing there was no probable cause for the criminal prosecution.

32  On September 5, 2018 the charges against Jane should be terminated in her favor.

33. The underlying judicial proceedings were instituted and continued maliciously resulting in Plaintiff's wrongful prosecution and the aforementioned injuries supra.

34. Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and David Allen Foster, accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and David Allen Foster made statements to the Court system with malice, willfulness and reckless indifference to the rights of Jane and others, with the intent of exerting influence to institute and continue the judicial proceedings.

35. As a direct and proximate cause of Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts and David Allen Foster's misconduct, Plaintiff suffered and continues to suffer injury and damages as set forth in this Complaint, in an amount in excess of $25,000.00.

## FOURTH CLAIM FOR RELIEF

15

## STATE CLAIM NEGLIGNCE, WILLFUL, WANTON, AND RECKLESS CONDUCT

36. . Plaintiff reavers and realleges all prior claims above as if fully rewritten herein

37. Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson disregarded the public trust granted to their positions as law enforcement officers and acted in an intentional, willful, wanton, negligent and/or malicious manner, failed to exercise due care, and acted with a malicious purpose and/or in bad faith and/or in a willful and/or wanton and/or reckless manner while engaged in police functions and activities, within the scope of their employment, including abuse of process, denial of due process, failure to treat and offer medical care false arrest, false imprisonment, assault , harassment, withholding evidence, Brady violations, destruction of evidence, and malicious prosecution of Jane, causing her extreme emotional distress.

38. Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, and Diana Stevenson, as set forth herein engaged in negligent, reckless, wanton, and/or willful conduct such that they are not entitled to the immunities set forth in O.R. C. 2744.01 et seq.

39. Such negligent, reckless, wanton, and/or willful conduct directly and proximately caused Jane to suffer, and will continue to suffer, great pain of mind and body, and damages as set forth in this complaint in excess of $25, 000.00

## FIFTH CLAIM FOR RELIEF

## STATE CLAIM INFLICTION OF EMOTIONAL DISRESS

40. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein.

41. The acts and conduct of Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, Diana Stevenson, and David Foster as set forth above were extreme and outrageous. Said Defendants actions were rooted in an abuse of power, authority, or falsely reported crime, and they were undertaken with intent to cause, or were in reckless

16

disregard of the probability, that this conduct would cause severe emotional distress to Jane, as is more fully alleged above.

42. As a direct and proximate result of Defendants Dalessandro, Seeker, Karnuth, McShane, Besse, Pond, all other officers, Justin Markey, Lisa Miller, Michelle Banbury, Jennifer Roberts, Diana Stevenson, and David Foster's actions Jane suffered, and will continue to Suffer physical injury and severe emotional distress as set more fully above entitling her to damages in an amount in excess of $25, 000.00.

## SIXTH CLAIM FOR RELIEF

### STATE CLAIM ASSAULT AND BATTERY

43. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein

44. That on or about August 6, 2017 Defendant David Allen Foster caused Jane to suffer great fear and apprehension of harm and physically battered the person of Jane causing serious bodily injury, pain, suffering, and immutable suffering with permanency that required treatment.

45. That as a direct and proximate result of Defendant David Allen Foster's assault and battery of Jane be it intentional, reckless, and or negligent, Jane did suffer and will continue to suffer from great pain of body and mind and will continue to do so into the indefinite future, for which Defendant David Allen Foster is liable in damages to Jane in an amount in excess of $25, 000.00.

## SEVENTH CLAIM FOR RELIEF

### STATE CLAIM TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

46. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein.

47. Jane had an employment contract with her new employer Care Fusion.

17

48. After Jane was arrested on August 6, 2017, , Defendant David Allen Foster called her new place of employment and left two voice mails informing her employer that Jane had been arrested for domestic violence and would not be into work the following Monday as she was in jail.

49. As a direct and proximate result of Defendant David Allen Foster's actions Jane was terminated from her employment sine they stated she would miss too much work attending all Court Hearings.

50. As a direct and proximate result of Defendant David Allen Foster's actions Jane was terminated from her employment and has been unable to work consistently since August 6, 2017 and is involuntarily unemployed/ underemployed and has suffered, and will continue to suffer damages in an amount in excess of $25, 000.00.

## EIGTH CLAIM FOR RELIEF NEGLIGENT SUPERVISION FAILURE TO TRAIN AND NEGLIGNT RETENTION

51. Plaintiff reavers and realleges all prior claims above as if fully rewritten herein.

52. Defendants City of Norton, City of Barberton and unknown other employers, as well as supervisors John Dalessandro, Brett McShane, Justin Markey, Lisa Miller, and Diana Stevenson, within the aforementioned cities and agencies negligently supervised, failed to train, and negligently retained Michelle Banbury, Jennifer Roberts, as well as officers within the Norton Police Department, resulting in Jane deprived of : her right to due process of law, to be free from false arrest, false imprisonment, illegal searches, wrongful conviction, slander and libel, denial of treatment and medical care, and destruction of evidence.

53. As a direct and proximate result of Defendant City of Norton, City of Barberton and unknown other employers, as well as supervisors John Dalessandro, Brett McShane, Justin Markey, Lisa Miller, and Diana Stevenson's actions Jane was terminated from her

18

employment and has been unable to work consistently since August 6, 2017 and is involuntarily unemployed/underemployed and has suffered, and will continue to suffer damages. Further Jane did suffer and will continue to suffer from great pain of body and mind and will continue to do so into the indefinite future, for which Defendants City of Norton, City of Barberton and unknown other employers, as well as supervisors John Dalessandro, Brett McShane, Justin Markey, Lisa Miller, and Diana Stevenson are liable in damages to Jane in an amount in excess of $25, 000.00.

## PRAYER FOR RELIEF

**WHEREFORE:**

Plaintiffs hereby demand judgment against all Defendants, on Counts One through Eight of this Complain as follows:

1.) Both compensatory and consequential damages for all injuries identified in an amount in excess of Twenty Five thousand dollars as to counts one through eight;
2.) Punitive damages to be determined at trial for the willful, and malicious conduct of all Defendants;
3.) Attorneys fees, and cost of this action;
4.) Any other relief allowed by law.

RESPECTFULLY SUBMITTED,

/s/ R.A. Buzzelli
Russell A. Buzzelli, Esq. 0038165
P.O. Box 84
Wadsworth, OH  44282
(330) 336-1075 PH

### JURY DEMAND ENDORSEMENT

To the extent some or all of Plaintiff's claims are subject to trial by Jury, Plaintiff demands a  jury trial herein.

/s/ R.A. Buzzelli  _____
Russell A. Buzzelli, Esq. 0038165

© 2016 Buzzelli Law Office. All rights reserved. Any unauthorized use hereof