**UNITED STATES DISTRICT COURT**
**NORTHERTN DISTRICT**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JANE DOE** | ) | **CASE NO. 5:18-CV-01870** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE SARA LIOL** |
| | ) | |
| **-vs.-** | ) | |
| | ) | |
| **DAVID A. FOSTER et. al.** | ) | |
| | ) | |
| | ) | **DEFENDANT DAVID A. FOSTER's** |
| **Defendants.** | ) | **ANSWER AND COUNTERCLAIM** |
| | ) | |

Now come Defendant, David A. Foster by and through the undersigned counsel, and for their Answer to Plaintiffs' Complaint states as follows:

1.    Defendant, David A. Foster denies all of the allegations contained in paragraph 1.

2.    Defendant, David A. Foster denies all of the allegations contained in paragraph 2.

3.    Defendant, David A. Foster denies all of the allegations concerning Jane Doe, because he does not know who Jane Doe is. He does admit he called 9-1-1 to report that his wife had burnt him with a cigarette, and that he then went outside.

4.    Defendant, David A. Foster admits that the two Norton Police Officers

responded to the scene but deny that it was in regard to a false police report. Defendant, David A. Foster denies the rest of the allegations.

5.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 5.

6.  Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

7.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 7.

8.  Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

9.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 9.

10.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 10.

11.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 11.

12.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 12.

13.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 13.

14.  Defendant, David A. Foster, denies all of the allegations contained in paragraph 14.

15.  Defendant, David A. Foster, denies that Plaintiff pled no contest; Plaintiff

2

pled guilty to disorderly conduct. Admit Plaintiff was fined $10.00 and court costs. Defendant, David A. Foster, denies that the TPO was terminated; Plaintiff was sentenced to 30 days in jail, but the jail time was suspended on various conditions including but not limited to that Plaintiff have "no contact directly or indirectly with the victim" and that she "be assessed for alcohol and drug dependency" and follow any recommendations of the probation department.

16.     Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

17.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 17.

18.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 18.

19.     Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

20.     Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

21.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 21.

22.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 22.

23.     Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

3

24.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 24.

25.     Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

26.     Admit that David A. Foster told the truth about the events that occurred on or about August 6th, 2017 and denies all other allegations contained in paragraph 26.

27.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 27.

28.     Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

29.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 29.

30.     Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

31.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 31.

32.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 32.

33.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 33.

34.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 34.

35.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 35.

36.    Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

37.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 37.

38.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 38.

39.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 39.

40.    Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

41.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 41.

42.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 42.

43.    Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

44.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 44.

45.    Defendant, David A. Foster, denies all of the allegations contained in paragraph 45.

46.    Defendant, David A. Foster, restates all of his prior answers as if fully

rewritten herein.

47.     Defendant, David A. Foster, denies for lack of knowledge sufficient to form a good faith belief as to the truth or falsity of the allegations.

48.     Defendant, David A. Foster, admits he left one voicemail, does not remember leaving more than one and does remember stating that she would not be into work but does not remember stating the reason why. He was requested to make the call by Jane's mother and he simply told the truth.

49.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 49.

50.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 50.

51.     Defendant, David A. Foster, restates all of his prior answers as if fully rewritten herein.

52.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 52.

53.     Defendant, David A. Foster, denies all of the allegations contained in paragraph 53.

## **FIRST DEFENSE**

54.     Some or all of the Plaintiff's claims fail to state a claim on which relief can be granted against Defendant David A. Foster.

## **SECOND DEFENSE**

55.     At all times material hereto, Defendant David A. Foster acted in good faith and Plaintiff's claims are barred by the doctrine of unclean hands.

6

## THIRD DEFENSE

56.　At all times material hereto, any and all alleged events and happenings, injuries, losses or damages referred to in the Complaint were directly and proximately caused and contributed to, in whole or in part, by the carelessness and negligence of Plaintiff herein, and therefore the extent of loss, damages or injury sustained by Plaintiff, if any, should be reduced in proportion to the amount of negligence or fault attributable to said Plaintiff.

## FOURTH DEFENSE

57.　At all times material hereto, Plaintiff's claims against David A. Foster are barred due to judicial estoppel in that Plaintiff pled guilty to committing disorderly conduct for the events that occurred on or about August 6th, 2017.

## FIFTH DEFENSE

58.　Plaintiff failed to mitigate her damages.

## SIXTH DEFENSE

59.　Defendant, David A. Foster, was not the proximate or legal cause of any injuries to the Plaintiff.

## SEVENTH DEFENSE

60.　Plaintiff's claims are barred as a matter of law as the complaint makes numerous blatantly false claims.

## EIGHTH DEFENSE

61.　Defendant, David A. Foster, reserves the right to assert additional affirmative defenses as discovery occurs.

**WHEREFORE,** Defendant, David A. Foster, demands that all counts of Plaintiff's Complaint be dismissed at her costs.

## COUNTERCLAIM

62.     Counterclaim Plaintiff, David A. Foster, ("David") is a resident of Summit County, State of Ohio.

63.     Counterclaim Defendant, Marybeth Foster, ("Marybeth") is a resident of Summit County, State of Ohio.

64.     On or about August 6th, 2017 Marybeth intentionally put a cigarette out on David's right cheek.

65.     As a result of the conduct described in paragraph 64, David sustained a circular burn which has caused a permanent scar on his face.

66.     David sustained substantial pain and suffering as a direct and proximate cause of Marybeth's conduct.


**WHEREFORE,** David demands judgment against Marybeth for reasonable compensatory damages including but not limited to pain and suffering, compensation for the permanent scar on David's face, in an amount to be determined at the trial in this matter, plus punitive damages and attorney's fees plus the cost of this action for Marybeth's intentional tortious conduct and such further relief as this Honorable Court may deem appropriate.

8

Respectfully submitted,


/s/ Timothy D. McKinzie_____
**McKinzie and Associates**
Timothy D. McKinzie, # 0061493
529 White Pond Drive
Akron, Ohio 44320-1123
P: (330) 864-3100
F: (234) 542-3181
tim@mckinzielaw.com


# **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2018, a copy of the foregoing Defendant

David A. Foster's Answer and Counterclaim was filed electronically. Notice of this filing will

be sent to all registered partied by operation of the Court's electronic filing system. Parties

access this filing through the Court's system:


/s/ Timothy D. McKinzie_____
Timothy D. McKinzie, Esq. (#0061493)