UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | CASE NO.: 5:18-CV-01870 |
| | ) | |
| Plaintiff, | ) | JUDGE: SARA LIOI |
| | ) | |
| vs. | ) | **MOTION TO STAY PROCEEDINGS** |
| | ) | **OF NORTON DEFENDANTS** |
| DAVID ALLEN FOSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now come Defendants, City of Norton, City of Norton Police Department, Chief of Police John Dalessandro, Officer Ryan Seeker, Officer John Karnuth, Officer Brett McShane, Officer Christopher Besse, Officer Joshua Pond, Solicitor Justin Markey, Assistant Prosecutor Michelle Banbury and Assistant Prosecutor Jennifer Roberts, by and through counsel, Mazanec, Raskin & Ryder Co., L.P.A., and hereby request that the Court enter an Order staying the proceedings on the basis that Plaintiff is currently seeking to vacate her plea in the underlying criminal case.

Plaintiff filed her within Complaint on August 6, 2018, naming several individuals at the City of Norton and City of Barberton that were allegedly associated with her August 6, 2017 arrest and subsequent criminal prosecution. ECF 1, PageID#7-25. Plaintiff's Complaint alleges claims for false arrest, malicious prosecution, negligence, intentional infliction of emotional distress and negligent supervision, failure to train and negligent retention.

Plaintiff admits that she accepted a plea agreement with respect to the underlying criminal charges. Complaint at ¶14-15, PageID#18. Plaintiff's Fourth Amendment malicious prosecution and false arrest claims are directly impacted by the validity of her admitted plea agreement as she challenges the underlying probable cause for those charges and the conviction. As such, *Heck v.*

*Humprhey*, 512 U.S. 477 (1994) would bar Plaintiff's current constitutional claims until such time as that plea agreement may be vacated. *Heck v. Humprhey*, 512 U.S. 477, 486-487 (1994); *see also Walker v. Altena*, 6th Cir. No. 01-2425, 34 Fed.Appx. 206, 2002 WL 926976 (May 7, 2002) (§ 1983 claim properly dismissed where plaintiff attempts to attack the constitutionality of his arrest and subsequent conviction); *Anthony v. Roberson*, 6th Cir. No. 01-1584, 26 Fed.Appx. 419, 2001 WL 1587298 (Dec. 11, 2001) (plaintiff's claim that his arrest was illegal was barred by the *Heck* doctrine, as there is no evidence that his conviction has been reversed); *Nicholson v. City of Westlake*, 6th Cir. No. 01-3144, 20 Fed. Appx. 400, 2001 WL 1178332 (Sept. 24, 2001) (plaintiff's no contest plea bars his § 1983 claim alleging that the officers lacked probable cause to arrest him). Moreover, the existence of the conviction constitutes conclusive evidence of probable cause for both the arrest and the institution of the criminal proceedings. *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). Given this law, the status of Plaintiff's criminal plea greatly impacts the underlying civil claims.

On June 19, 2018, Plaintiff filed a motion to withdraw her plea agreement with the Barberton Municipal Court in Case No. CRB1702131. Exhibit A. On September 11, a special prosecutor was appointed to handle the hearing on Plaintiff's Motion. Exhibit B. The Motion was heard on September 27, but no decision has been issued. Exhibit C. Following the hearing, both judges at the Barberton Municipal Court recused themselves from the matter and have referred the case to the Ohio Supreme Court for the assignment of a visiting judge. Exhibits D and E. At this time, Plaintiff's motion to withdraw her plea agreement remains pending in the Barberton Municipal Court. A status conference has been set for early December, but there is currently no set date for a hearing on that motion.

As the underlying criminal conviction greatly impacts the civil claims and it is unclear when a final ruling will be issued on her Motion, the Norton Defendants respectfully request that the Court stay these proceedings until the outcome of Plaintiff's Motion to Vacate. As set forth above, the plea impacts several of Plaintiff's claims and consequently the scope of discovery and potential liability in this matter. It would be in the interest of all parties if further proceedings were stayed until the outcome of the ruling on Plaintiff's motion to vacate her plea agreement.

Based upon the foregoing, Defendants City of Norton, City of Norton Police Department, Chief of Police John Dalessandro, Officer Ryan Seeker, Officer John Karnuth, Officer Brett McShane, Officer Christopher Besse, Officer Joshua Pond, Solicitor Justin Markey, Assistant Prosecutor Michelle Banbury and Assistant Prosecutor Jennifer Roberts, respectfully requests that the Court enter an Order staying further proceedings in this matter pending the resolution of Plaintiff's motion to vacate her plea agreement.

Respectfully submitted,

MAZANEC, RASKIN & RYDER CO., L.P.A.

*s/Tami Z. Hannon*
PATRICIA A. RUBRIGHT (0009435)
TAMI Z. HANNON (0079812)
100 Franklin's Row
34305 Solon Road
Cleveland, OH  44139
(440) 248-7906
(440) 248-8861 – Fax
Email:   prubright@mrrlaw.com
             thannon@mrrlaw.com

*Counsel for Defendants City of Norton, City of Norton Police Department, Chief of Police John Dalessandro, Officer Ryan Seeker, Officer John Karnuth, Officer Brett McShane, Officer Christopher Besse, Officer Joshua Pond, Solicitor Justin Markey, Assistant Prosecutor Michelle Banbury and Assistant Prosecutor Jennifer Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2018, a copy of the foregoing Motion to Stay Proceedings of Norton Defendants was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/Tami Z. Hannon*
PATRICIA A. RUBRIGHT (0009435)
TAMI Z. HANNON  (0079812)

*Counsel for Defendants City of Norton, City of Norton Police Department, Chief of Police John Dalessandro, Officer Ryan Seeker, Officer John Karnuth, Officer Brett McShane, Officer Christopher Besse, Officer Joshua Pond, Solicitor Justin Markey, Assistant Prosecutor Michelle L. Banbury, and Assistant Prosecutor Jennifer Roberts*

NW E&S-180248/Ds MTStay Proceedings