

IN THE MUNICIPAL COURT OF BARBERTON
CRIMINAL DIVISION
SUMMIT COUNTY, OHIO

FILED
OFFICE OF THE CLERK
2018 JUN 19 PM 2: 53

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. NO. CRB 1702131 |
| | ) | |
| **Plaintiff** | ) | JUDGE McKENNEY |
| | ) | |
| V. | ) | MOTION TO WITHDRAW PLEA |
| | ) | |
| MARY BETH FOSTER | ) | REQUEST FOR HEARING |
| | ) | |
| **Defendant** | ) | REQUEST FOR APPOINTMENT OF |
| | ) | SPECIAL PROSECUTOR |
| | ) | |

On August 6, 2017 the Defendant was horrifically burned three times by a lit cigarette held against her flesh by her husband David Foster. Moreover, Mrs. Foster was ultimately charged with burning her Husband with a lit cigarette. [A perceived self- inflicted injury as demonstrated by David Allen Foster.] No one would listen to her or believe her recital of the case facts.

Recently, newly discovered evidence was uncovered in Mary Beth Foster's divorce case. Specifically, the defense learned the investigative facts represented as genuine in this criminal case were nonexistent, the investigation was fabricated, and the State of Ohio either failed, or willfully refused to provide the Defendant with this exculpatory evidence. This would appear to make the case prosecutors, witnesses to this motion. Copy of the transcript has been ordered.

Now, after months of counseling, May Beth Foster is strong enough to tell her story in front of a jury. Healing from the psychological devastation caused by this failure of justice, Mrs. Foster is now able to describe the horrific manner by which her husband burned her three times. Moreover, this new evidence reveals the exculpatory evidence withheld from Mary Beth Foster wherein the Police refused to investigate the nature cause and origin of her injuries, failed

# Exhibit A

1

to examine, treat, or offer her medical attention for her injuries, and fabricated an entire investigation.

It became clear, with this discovery The Barberton Law Department failed to release this exculpatory information as required under the auspices of Brady v Maryland. Therefore, Mrs. Mary Beth Foster was wrongfully subjected to a corrupt judicial process insofar as the State refused to release this exculpatory case information. Therefore, she suffered a manifest injustice.

Granted, the determination that a manifest injustice" has occurred refers to a Defendant's burden of establishing a **"manifest injustice."** *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus; *State v. Milbrandt*, Champaign App. No.2007-CA-3, 2008 Ohio 761, at P8.

In this regard, a "**manifest injustice**" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Hartzell* (Aug. 20, 1999), Montgomery App. No. 17499, 1999 Ohio App. LEXIS 3812. "Crim.R. 32.1 requires a defendant making a post-sentence motion to withdraw a plea to demonstrate **manifest injustice** because it is designed 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later **withdraw the plea** if the sentence was unexpectedly severe.'" *State v. Boswell*, 121 Ohio St.3d 575, 2009 Ohio 1577, at P9, 906 N.E.2d 422, quoting *State v. Caraballo* (1985), 17 Ohio St.3d 66, 67, 17 Ohio B. 132, 477 N.E.2d 627.

Based on the above, Mrs. Mary Beth Foster has been forced to suffer a manifest injustice. This manifest injustice can only be righted with withdrawal of her plea, redaction of her sentence, provision of a new jury trial date, appointment of a special prosecutor, provision of all

2

discovery, and all other Constitutionally guaranteed rights appurtenant herein. Therefore, Mary Beth Foster requests her motion to withdraw her plea be granted, and that she receive all Constitutionally guaranteed rights appurtenant herein denied her in the first instance in this matter.

An evidentiary hearing is requested. In fairness to the State the Prosecutors will be asked under oath if they knew the Norton police failed to investigate this case. Therefore, the appointment of a special prosecutor is requested. This as both case prosecutors, at a minimum, will be called as witnesses in this case.

RESPECTFULLY SUBMITTED,

/s/ R A Buzzelli, Esq

Russell A. Buzzelli, Esq. 0038165
P.O. Box 84
Wadsworth, OH 44282
(330) 336-1075 PH
(330) 334-5256 FX

### CERTIFICATE OF SERVICE

A true and accurate copy of the Defendants Motion To Withdraw Plea was served upon the City of Barberton Law Department, Criminal Division, on June 19, 2018 via fx 330 861 7209, cc to Court, fax filed with Clerk of Courts (330) 848-6779.

/s/ Russell A. Buzzelli, Esq. (0038165)

THIS IS TO CERTIFY THAT THE ABOVE IS A TRUE AND CORRECT COPY OF Motion to Withdraw Plea FILED IN THE BARBERTON MUNICIPAL COURT OF BARBERTON, OHIO ON June 19, 20 18.
CLERK OF THE BARBERTON MUNICIPAL COURT, BARBERTON, OHIO

_Maram Ste_
D. J Clerk

3