# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JANE DOE, | CASE NO. 5:18-CV-1870 |
| PLAINTIFF, | JUDGE SARA LIOI |
| vs. | |
| | MEMORANDUM OPINION AND ORDER OF REMAND |
| DAVID ALLEN FOSTER, et al., | |
| DEFENDANTS. | |

Now before the Court is the motion of defendants, City of Norton ("City"), City of Norton Police Department ("Norton PD"), Chief of Police John Dalessandro ("Chief Dalessandro"), Officer Ryan Seeker ("Officer Seeker"), Officer John Karnuth ("Officer Karnuth"), Officer Brett McShane ("Officer McShane"), Officer Christopher Besse ("Officer Besse"), Officer Joshua Pond ("Officer Pond"), Solicitor Justin Markey ("Solicitor Markey"), Assistant Prosecutor Michelle Banbury ("Banbury"), and Assistant Prosecutor Jennifer Roberts ("Roberts") (collectively, "Norton Defendants"), for partial judgment on the pleadings. (Doc. No. 27 ["Mot."].) Plaintiff Jane Doe ("Doe") did not file an opposition, and the time for filing such a response has passed. For the reasons explained more fully below, Norton Defendants' motion is GRANTED, and the remaining state law claims are REMANDED to state court.

I. **BACKGROUND**

At all times relevant to the incidents set forth in the complaint, Doe was married to defendant David Allen Foster ("Foster"). (*See* Doc. No. 1-2 (Complaint ["Compl."]) ¶ 1.) On

August 6, 2017, Foster initiated a verbal and physical altercation with Doe, wherein he burned her chest and arm with a lit cigarette before dialing 911 and reporting that Doe had actually burned him with a cigarette. (*Id*. ¶¶ 1–3.) Officers Seeker and Karnuth of the Norton PD responded to the scene, prepared what Doe asserts was a false police report, and arrested Doe for domestic violence. (*Id*. ¶¶ 4, 6.)

Doe was eventually prosecuted in the Barberton Municipal Court. (*See id*. ¶¶ 10–15.) On January 2, 2018, Doe entered a plea of "no contest" to the crime of disorderly conduct, received a fine of $10.00, and was assessed court costs. (*Id*. ¶ 15.) There is no dispute that Doe subsequently obtained an order from the Barberton Municipal Court sealing her disorderly conduct conviction under Ohio Rev. Code § 2953.32. (Doc. No. 19 (Status Report) at 131;[1] Doc. No. 20 (Order) at 133–34.)

On August 6, 2018, Doe brought suit in state court. (Compl. at 7.[2]) The gravamen of her complaint is that defendants conspired to violate Doe's constitutional rights by pursuing false charges of domestic violence against her. In her complaint, she raises the following claims: excessive force and deliberate indifference under 42 U.S.C. § 1983 (First Claim), malicious prosecution under § 1983 (Second Claim), malicious prosecution under state law (Third Claim), negligence and reckless conduct (Fourth Claim), intentional infliction of emotional distress (Fifth

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

[2] In addition to Foster and Norton Defendants, Doe also brought suit against the City of Barberton and various entities and individuals associated with Barberton, including: the City of Barberton Law Department, Law Director Lisa Miller ("Miller"), and Barberton Clerk of Courts Diana Stevenson ("Stevenson"). No claims are asserted against the City of Barberton or the Barberton Law Department, and they are dismissed.

Claim), assault and battery (Sixth Claim), tortious interference with business relationships (Seventh Claim), and negligent supervision and failure to train (Eighth Claim).

On August 14, 2019, Norton Defendants removed this matter to federal court on the basis of federal question jurisdiction. (Doc. No. 1 (Notice of Removal ["Not."]) at 1.) Following removal, Norton Defendants filed the present motion, seeking judgment on the pleading as to all claims asserted against them, with the exception of the state claims of malicious prosecution, negligence, and intentional infliction of emotional distress, to the extent these claims are asserted against Officers Seeker and Karnuth only. Among the reasons asserted for judgment on the pleadings are: Norton PD is not *suri juris*, Doe's prosecutors are entitled to absolute immunity, the City is entitled to statutory immunity under Ohio Rev. Code § 2744, and certain claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Norton Defendants also argue that various claims against certain defendants fail to state a cause of action.

## II. STANDARD OF REVIEW

Norton Defendants bring their dispositive motion under Rule 12(c) of the Federal Rules of Civil Procedure. The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion to dismiss under Rule 12(b)(6). *E.E.O.C. v. J.H. Routh Packing Co*., 246 F.3d 850, 851 (6th Cir. 2001) (citing *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998)). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Util. Co., Ltd*., 513 F.2d 1176, 1182 (6th Cir. 1975). All allegations of fact by the non-moving party are accepted as true and construed in the light most favorable to that party. *See Grindstaff*, 133 F.3d at 421 (citing *Meador v. Cabinet for Human*

*Res.*, 902 F.2d 474, 475 (6th Cir. 1990)). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). Nor is the Court required to accept as true complaint allegations that are contradicted by public records and other evidentiary materials of which the Court may take judicial notice. *See Moody v. CitiMortgage, Inc.*, 32 F. Supp. 3d 869, 874-75 (W.D. Mich. 2014) ("court may disregard allegations in the complaint if contradicted by facts established by exhibits attached to the complaint[]") (quotation marks and citations omitted); *see also Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012) ("if a factual assertion in the pleadings is inconsistent with a document attached for support, the Court is to accept the facts as stated in the attached document[]") (quotation marks and citation omitted).

The sufficiency of the pleading is tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Although this standard is liberal, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570 (citation omitted).

III. DISCUSSION

   A.   **Norton PD is not *Suri Juris***

Norton Defendants argue that Norton PD must be dismissed from this action because county offices and departments cannot be separately sued. It is well settled that administrative units of local governments, such as a municipal police department, are not *suri juris* because they lack the power to sue and cannot be sued absent positive statutory authority. *Tysinger v. Police Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006); *Papp v. Snyder*, 81 F. Supp. 2d 852, 857 n.4 (N.D. Ohio 2000); *see Hendricks v. Office of Clermont Cty. Sheriff*, 326 F. App'x 347, 349 (6th Cir. 2009). While claims against a municipal police department are construed as against the municipality, *see Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002), there is no need to substitute the City because Doe has failed to assert any particular claims against Norton PD. Accordingly, Norton PD is dismissed from this action.[3]

   B.   **Want of Factual Allegations against Certain Defendants**

Norton Defendants argue that Chief Dalessandro, Officer McShane, Officer Besse, Officer Pond, and Solicitor Markey should also be dismissed for failure to state claims against any of these individuals. Specifically, they argue that "[d]espite naming these individuals in [her] [c]omplaint, [Doe] fails to allege any specific actions taken by these individuals." (Mot. at 172.) With respect to her arrest, Doe only identifies Officers Seeker and Karnuth as having responded to Foster's 911 call and conducted the investigation. (Compl. ¶ 4.) As to the remaining officers, Doe alleges only generally that "members of the Norton Police Department" harassed her, denied

---

[3] For the same reasons, the Barberton Law Department is not a proper party.

her due process, threatened her with additional false arrest, taunted her, and subjected her to repeated roadside investigations. (*Id.* ¶ 9.)

The plaintiff in a civil rights action must show that a named defendant was personally involved in the allegations underlying the complaint. *Rizzo v. Goode*, 423 U.S. 362, 372, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). And under *Twombly,* of course, there must be factual allegations that rise above the speculative level. *Twombly*, 550 U.S. at 555. "Where a person is named as a defendant without an allegation of specific conduct, the complaint against him is subject to dismissal, even under the liberal construction afforded to *pro se* complaints."[4] *Cameron v. Howes*, No. 1:10-cv-539, 2010 WL 3885271, at *6 (W.D. Mich. Sept. 28, 2010) (collecting cases). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under 1983."[5] *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978)). The afore-mentioned officers and Solicitor Markey are dismissed from this action.

---

[4] Though Doe is presently proceeding in this action *pro se*, her complaint is not entitled to the liberal construction generally afforded *pro se* pleadings—*see Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972))—because it was prepared by counsel. On March 19, 2019, the Court permitted her counsel to withdraw. (*See* Doc. No. 29 (Marginal Entry Order).) Even under the more liberal construction reserved for *pro se* pleadings, however, the complaint would fail to set forth claims against these defendants.

[5] While the complaint devotes a separate paragraph to Solicitor Markey, it only alleges, in the most general terms, that this defendant subjected Doe to "illegal deprivations," denied Doe due process, refused to correct his "transgressions" or conduct an investigation, and engaged in "wrongful conduct[.]" (Compl. ¶ 11.) These allegations fail to satisfy the pleading standards required under Fed. R. Civ. P. 8(a) for stating *any* claims, and particularly constitutional claims under § 1983. Doe's similarly generalized allegations against Stevenson fail to state claim a claim against her. (*See id.* ¶ 12.)

### C. No Factual Allegations of Excessive Force/Denial of Medical Care

For many of the same reasons, the First Claim must be dismissed against all defendants. The First Claim alleges generally that a partial list of defendants denied Doe her constitutional rights to be free of the governmental use of excessive force and the denial of access to medical care under 42 U.S.C. § 1983. The pleading, however, fails to set forth factual allegations that any municipal defendant used excessive force against her or denied her reasonable medical care. Federal pleading requirements mandate that a plaintiff state more than a formulaic recitation of the elements. *Twombly*, 550 U.S. at 555 (quotation marks and citations omitted). Doe's naked assertions of constitutional violations, devoid of factual enhancement, are insufficient to survive a motion to dismiss. *See SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014); *see also Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")). The First Claim fails to set forth a cause of action under 42 U.S.C. § 1983 and is dismissed.

### D. § 1983 Malicious Prosecution Claim is Barred by *Heck*

A plaintiff cannot recover damages under § 1983 where judgment on her claim would "necessarily imply the invalidity of" her conviction and sentence, until and unless the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87.

As noted in the complaint, Doe pled "no contest" to the charge of disorderly conduct. (Compl. ¶ 15.) If Doe were to prevail on her federal malicious prosecution claim, the validity of her state conviction would be called into question. *See Holland v. Cty. of Macomb*, No. 16-2103, 2017 WL 3391653, at *2 (6th Cir. Mar. 17, 2017) (finding district court properly dismissed plaintiff's malicious prosecution claim as barred by *Heck*). Doe's federal malicious prosecution claim (Claim Two), therefore, is subject to dismissal.[6]

E. **Prosecutorial Immunity**

Alternatively, defendants Banbury and Roberts argue that they are entitled to prosecutorial immunity on Doe's federal malicious prosecution claim. A prosecutor is absolutely immune from civil suits for damages for alleged constitutional violations when she has acted within the scope of her prosecutorial duties. *Howell v. Sanders*, 668 F.3d 344, 349 (6th Cir. 2012) (citing, among authority, *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). A prosecutor performing investigative or administrative functions, by contrast, may only assert a qualified immunity defense. *Burns v. Reed*, 500 U.S. 478, 493, 495, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991).

The Supreme Court employs a "functional approach" to discern the dividing line between prosecutorial and investigative functions. *Forrester v. White*, 484 U.S. 219, 224, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988). The "critical inquiry is how closely related is the prosecutor's

---

[6] The effect of the *Heck* bar on the Second Claim is not blunted by the fact that Doe subsequently succeeded in having her state conviction sealed under Ohio Rev. Code § 2953.32. Section 2953.32(A)(1) provides that "an eligible offender may apply to the sentencing court if convicted in [Ohio], or to a court of common pleas if convicted in another state or in a federal court, for the sealing of the case that pertains to the conviction." While a sealing under Ohio law generally means that the proceeding is considered "not to have occurred[,]" law enforcement officials may continue to rely on the conviction in defense of a civil action. *See Morrison v. Bd. of Trs. of Green Twp.*, 529 F. Supp. 2d 807, 819 (S.D. Ohio 2007) (holding that sealed records could be used by police officers to defend against civil rights claims brought against them) (citing Ohio Rev. Code § 2953.32(D)(4)).

challenged activity to his role as an advocate ultimately associated with the judicial phase of the criminal process." *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (quotation marks and citation omitted). Applying this analysis, the Sixth Circuit has found that prosecutors are absolutely immune from suit for deciding to file a criminal complaint, *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986), *abrogated on other grounds by Kalina v. Fletcher*, 522 U.S. 118, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997); deciding whether to conduct an investigation, *Grant*, 870 F.2d at 1138–39; failing to disclose exculpatory information, *Imbler*, 424 U.S. at 431 n.34; knowingly presenting false testimony at trial, *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003); and negotiating plea bargains, *see, e.g., Rouse v. Stacy*, 478 F. App'x 945, 951 (6th Cir. 2012). Absolute immunity is not defeated by a showing that a prosecutor acted wrongly or even maliciously. *See Imbler*, 424 U.S. at 427.

Doe claims that Banbury and Roberts "knew, or should have known[,]" of the use of alleged falsified or missing evidence and that they withheld discovery responses. (Compl. ¶ 5.) She also claims that unnamed members of the Barberton and Norton Legal Departments failed to conduct an investigation on her behalf. (*Id*. ¶ 10.) Because these acts or omissions are intimately associated with the judicial phase of the criminal process, Banbury and Roberts are absolutely immune from any damages flowing from them.[7]

F. **Negligent Supervision**

The City argues that it enjoys statutory immunity from the only claim raised against it—state law negligent supervision and/or negligent failure to train (Eighth Claim). Section 2744 of

---

[7] To the extent that Miller and Stevenson are alleged to have participated in Doe's prosecution (*see, generally* Compl. ¶¶ 10-12), they are also absolutely immune for all prosecutorial actions.

the Ohio Revised Code extends to municipalities immunity from tort liability for governmental and propriety functions. Ohio Rev. Code § 2744.02(A)(1); *Chesher v. Neyer*, 477 F.3d 784, 796 (6th Cir. 2007). It is well settled that "government functions" include the operation of law enforcement and the prosecution of criminal misconduct. *See* § 2774.01(C)(2)(a) & (f); *Harris v. Sutton*, 918 N.E.2d 181, 185 (Ohio Ct. App. 2009) (operation of law enforcement is a governmental function under § 2774); *see also Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 907–08 (S.D. Ohio 2016) (collecting Ohio cases finding that political subdivisions are immune from intentional torts such as malicious prosecution).

There are, however, certain exceptions to the general grant of immunity spelled out in the statute. Specifically, § 2744.02(B) provides five instances where immunity is not available to a municipality: (1) injury or damage is caused by a municipal employee's negligent operation of a motor vehicle, (2) the losses are due to the negligent performance of employees with respect to proprietary functions of a political subdivision, (3) damages are the result of a municipality's negligent failure to keep public roads in repair, (4) damages are the result of a physical defect on the grounds of public buildings used for government functions, and (5) civil liability is expressly imposed by another provision of the Ohio Revised Code.[8]

---

[8] Doe does not allege that the Eighth Claim (negligent supervision and/or negligent failure to train) arises under federal law. A plaintiff can sustain a claim of municipal liability under 42 U.S.C. § 1983 for failure to supervise or train "only where the failure [] amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989); *see Amerson v. Waterford Twp.*, 562 F. App'x 484, 491–92 (6th Cir. 2014). To prevail on a § 1983 failure to train and/or supervise, a plaintiff has the burden of proving the following three elements: (1) the training or supervision is inadequate to the tasks that the officer must perform, (2) the inadequacy is the result of the city's deliberate indifference, and (3) the inadequacy is "closely related" to or "actually caused" the plaintiff's injury. *See City of Canton*, 489 U.S. at 389–91; *Regets v. City of Plymouth*, 568 F. App'x 380, 394 (6th Cir. 2014) (quotation marks and citation omitted). Doe did not plead factual allegations that support any of these elements.

Based on the undisputed fact that the underlying incidents involved a criminal investigation and prosecution, there can be no doubt that the City qualifies for immunity under Ohio Rev. Code § 2744.02, as its employees were engaged in governmental functions. Further, Doe has not alleged facts that, if believed, would support a finding that any of the five exceptions apply to defeat immunity. The City is, therefore, immune from liability for negligent supervision and/or failure to train.

G. **Supplemental Jurisdiction**

The remaining claims assert only state law claims against Officers Seeker and Karnuth, and Foster. "'When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996)). Given the fact that the Court has yet to conduct a case management conference, and the parties have not engaged in any discovery or filed summary judgment motions, the Court finds that the balance of relevant considerations weighs in favor of declining supplemental jurisdiction over the remaining state law claims.

IV. **CONCLUSION**

For the foregoing reasons, Norton Defendants' motion for partial judgment on the pleadings (Doc. No. 27) is GRANTED, and the First, Second, and Eighth Claims—as well as all other claims to the extent they are asserted against defendants Chief Dalessandro, Officer McShane, Officer Besse, Officer Pond, Banbury, Roberts, Miller, Stevenson, and the City—are

DISMISSED. The remaining state law claims are REMANDED to the Summit County Court of Common Pleas.[9]

**IT IS SO ORDERED**.

Dated: December 12, 2019

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

[9] Specifically, the Court finds that the following claims survive the Court's ruling: state law malicious prosecution (Third Claim) against Officer Seeker, Officer Karnuth, and Foster; negligent and reckless conduct (Fourth Claim) against Officer Seeker and Officer Karnuth; intentional infliction of emotional distress (Fifth Claim) against Officer Seeker, Officer Karnuth, and Foster; assault and battery (Sixth Claim) against Foster; and tortious interference (Seventh Claim) against Foster.